IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WH MIDWEST, LLC
d/b/a WAYNE HOMES,

    Plaintiff,

v.                                        Civil Action No. 5:18CV183
                                                           (STAMP)

A.D. BAKER HOMES, INC.,
MJB DRAFTING SERVICES, LLC,
MATTHEW BLACK, CAYLA BLACK
and UNKNOWN ARCHITECT NUMBER 1,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART AND GRANTING IN PART AS FRAMED
DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT
AND DENYING DEFENDANTS' MOTIONS TO DISMISS
CO-DEFENDANTS' CROSSCLAIMS FOR INDEMNIFICATION**

I.  Background

This is a copyright infringement action arising out of plaintiff's possession of certain rights and interests in the copyrighted "Covington" home plan (Copyright Registration Number VA0001842229) and the "Westport" home plan (Copyright Registration Number VA0002081794) (hereinafter, collectively the "Copyrighted Works"). Plaintiff, WH Midwest, LLC, doing business under the registered trade name "Wayne Homes" (hereinafter "Wayne Homes"), contends that the copyrighted architectural works and copyrighted depiction of the materials described in the Copyrighted Works constitute original material that is copyrightable under federal law. ECF No. 1 at 3.

This Court has subject matter jurisdiction of this civil action because this is an action for copyright infringement under

the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (hereinafter "Copyright Act"), and has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367.

Plaintiff filed its complaint (ECF No. 1) for copyright infringement (Count I), unfair competition (Count II) and unjust enrichment (Count III) against defendant A.D. Baker Homes, Inc. ("A.D. Baker Homes"), defendant MJB Drafting Services, LLC ("MJB Drafting Services"), defendants Matthew Black and Cayla Black (jointly referred to herein as the "Black defendants" or the "Blacks"), and defendant Unknown Architect Number 1. ECF No. 1.

For relief, plaintiff seeks actual and compensatory damages and/or disgorgement of infringer profits and/or statutory damages, for return or destruction of the Infringing Ortiz Plans and/or the Infringing Black Plans or any other plans prepared for or used in the construction of the Infringing Black House, for preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting defendants from infringing Wayne Homes' copyrights including, but not limited to, an injunction prohibiting further creation, use, or distribution of copies of the Copyrighted Works, or any derivatives thereof, including copies of all construction plans, pictorial and nonpictorial representations of the house based on the Infringing Ortiz Plans and/or the Infringing Black Plans or any other plans prepared for or used in the construction of the Infringing Black House; construction, marketing, or sale of any house based on the Copyrighted Works; any other use of any other Wayne Homes'

Copyrighted Works; removal of all photographs and other depictions from the A.D. Baker Homes' website, Facebook page or other on-line platform; for its costs incurred or an award pre-judgment interest on the amount of all damages and attorney's fees; and such other and further relief this Court deems just and equitable. ECF No. 1 at 13-14.

Defendants A.B. Baker Homes and MJB Drafting Services then filed counterclaims against the plaintiff for declaratory judgment of invalidity of copyright (Count I), declaratory judgment of invalidity of non-infringement (Count II), abuse of process (Count III), commercial disparagement and trade libel (Count IV), seeking both damages and injunctive relief. ECF Nos. 14 and 15.

Defendant A.B. Baker Homes also filed a motion to dismiss all claims made against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. In its memorandum in support (ECF No. 12-1), defendant states that the allegations by plaintiff fail to state a legal claim and further contends that plaintiff's position in this lawsuit is at odds with the fundamental principles of and policy behind architectural copyright law. Id. at 1. First, defendant asserts that plaintiff, through Wayne Homes' website, explicitly grants permission to use their plans for personal use. Id. at 5. Second, defendant A.D. Baker Homes contends that Robert Ortiz owned the plans used to build his home and that the copyright of the "Westport design" is not valid. Id. at 6. Third, defendant

asserts that despite the common appearance of traditional elements of the home, the Blacks' house is not substantially similar to the "Covington" as a matter of law, and adds that the design was an independent creation and therefore does not infringe upon plaintiff's works. Id. at 8, 10. Fourth, defendant argues that the plaintiff "cannot claim that the Craftsman home style is original, protected work." Id. at 12. Fifth, defendant contends that plaintiff fails to state a claim upon which relief may be granted for its cause of action for unfair competition and false designation of origins, asserting that plaintiff has not pled evidence of consumer confusion as required to sustain a claim of unfair competition under the Federal Lanham Act, 15 U.S.C. § 1125. Id. at 12-15. Sixth, defendant asserts that plaintiff's unjust enrichment claim is preempted by the Copyright Act. Id. at 16. Lastly, defendant "maintains that the misuse of copyright defense applies in this case because a reasonable jury could find that Plaintiff is attempting to unfairly and impermissibly leverage its copyrights in a manner that is contrary to public policy under copyright law." Id. at 17. Ultimately, defendant contends that its motion satisfies its burden of proof for dismissal of plaintiff's copyright infringement claim, unfair competition claim, and unjust enrichment claim for failure to state a claim and asserts that plaintiff's complaint and the documents annexed thereto as exhibits confirm that plaintiff has failed to set forth facts that state a claim that is plausible on its face. Id. at 17.

Defendant MJB Drafting Services also filed a motion to dismiss all claims made against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in support, states that it fully joins with the motion to dismiss filed by defendant A.D. Baker Homes. ECF No. 13.

Plaintiff filed a response in opposition to the motions to dismiss by A.D. Baker Homes and MJB Drafting Services (ECF No. 20), and states that the defendants' motions to dismiss essentially ask this Court to ignore the detailed allegations of defendants' direct access to the Copyrighted Works and materials and copying of the Copyrighted Works and construction of homes whose exterior are substantially similar to plaintiff's copyrighted Wayne Homes' designs, and asks this Court to focus on matters outside of the scope of the pleadings, try the facts of the case on unsupported argument, and then immediately terminate the litigation. ECF No. 21 at 1. In relying on materials outside of and not referred to in the complaint, plaintiff contends that defendants here seek to move the litigation from complaint to summary judgment, without filing an answer and without time for meaningful discovery for the development of the facts of the case. Id. Plaintiff asserts that, in this case, Wayne Homes has pleaded its Copyrighted Works are original and unique and that the complaint and the exhibits submitted certainly provide sufficient information and facts to prove viable copyright ownership, copyrightability in the Copyrighted Works, and defendants' infringement of the same. Id.

at 7. Further, plaintiff contends that it has sufficiently alleged willful conduct in infringing on protected works and should be permitted to establish such claims through discovery. Id. at 10.

Defendants A.D. Baker Homes and MJB Drafting Services filed a reply to plaintiff's response in opposition (ECF No. 22), and state that plaintiff's complaint clearly fails to state necessary elements to proceed with its various copyright infringement claims and that the complaint fails to meet the "greater particularity" requirement because plaintiff has not pled enough facts to raise a reasonable expectation that discovery will reveal evidence of copyright infringement. ECF No. 22 at 2. Defendants argue that plaintiff's response fails to address the fact that it explicitly grants permission to use its plans for personal use and plaintiff's claims do not meet the pleading standard necessary to state a claim under the "greater particularity" requirement necessary for copyright infringement claims. Id. at 2, 4. Further, defendants assert that plaintiff has offered no meaningful rebuttal to defendants' motions to dismiss plaintiff's claims as they pertain to unjust enrichment or unfair competition. Id. at 9. Therefore, defendants ask this Court to dismiss plaintiff's claims as a matter of law.

Defendants Matthew Black and Cayla Black then filed a motion to dismiss for failure to state a claim and/or motion to join co-defendants' motions to dismiss (ECF No. 23), and move this Court for permission to join in the motions to dismiss filed by the

co-defendants A.D. Baker Homes and MJB Drafting Services and to adopt their memoranda in support of the same, to the extent applicable as their own.  ECF No. 23-1 at 2.

Additionally, the Black defendants filed an answer to the complaint and asserted a crossclaim for indemnification against co-defendants A.D. Baker Homes and MJB Drafting Services.  ECF No. 24.

In response, because the Black defendants raise no new or different issues, argument, or law in their motion to join defendants' motions to dismiss, plaintiff filed a response incorporating by reference its response in opposition to A.D. Baker Homes and MJB Drafting Services' motions to dismiss.  ECF No. 28.

Defendants A.D. Baker Homes and MJB Drafting Services then filed motions to dismiss the Black defendants' crossclaims for indemnification.  ECF Nos. 29 and 30.  In support, defendants assert that for substantially the same reasons asserted in their motions to dismiss plaintiff's complaint, A.D. Baker Homes and MJB Drafting Services deny the Blacks' crossclaims for indemnification and reiterate that all claims against A.D. Baker Homes and MJB Drafting Services should be dismissed.

In their responses to the motions to dismiss the crossclaims for indemnification, the Black defendants state that defendants' motions to dismiss their crossclaims must be denied as defendants do not raise an issue with the substantive sufficiency of the Black defendants' crossclaims for indemnification but, instead, merely reiterate the position that plaintiff's overarching claims should

be dismissed. ECF Nos. 31 and 32. The Black defendants further assert that even if the defendants' motions had raised a substantive issue with the Black defendants' crossclaims for indemnification, the same would still have to be denied as the Black defendants have properly pled a well-recognized claim for equitable and legal relief.

Now pending before this Court are the following fully-briefed motions: A.D. Baker Homes' motion to dismiss (ECF No. 12); MJB Drafting Services' motion to dismiss (ECF No. 13); the Black defendants' motion to dismiss and/or motion to join co-defendants' motions to dismiss (ECF No. 23); A.D. Baker Homes' motion to dismiss the Black defendants' crossclaim for indemnification (ECF No. 29); and MJB Drafting Services' motion to dismiss the Black defendants' crossclaim for indemnification (ECF No. 30). The motions have been fully briefed and are ripe for decision.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences,

unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be

sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In a copyright infringement action, courts have held that greater particularity in pleading, through showing "plausible grounds," is required. Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc., 299 F. App'x 509, 512 (6th Cir. 2008). Showing plausible grounds means pleading enough facts to raise a reasonable expectation that discovery will reveal evidence of copyright infringement. Id. Wayne Homes agrees, as stated by the defendants in their motion to dismiss, that courts have applied this greater particularity standard because a copyright infringement lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. ECF No. 21 at 3.

### III. Discussion

Following its review of the defendants' fully briefed motions to dismiss the plaintiff's complaint, as well as the motions to dismiss the co-defendant Blacks' asserted crossclaims, along with the memoranda in support, and for the reasons set forth below, this Court denies in part and grants in part as framed the defendants' motions to dismiss the plaintiff's complaint and denies the motions to dismiss the co-defendant Blacks' asserted crossclaims for indemnification.

A.  <u>Copyright Infringement (Count I)</u>

This Court has construed the complaint in the light most favorable to Wayne Homes for the purposes of deciding the defendants' motions to dismiss. In doing so, this Court finds that the plaintiff's complaint asserts sufficient factual allegations against the defendants to survive the defendants' Rule 12(b)(6) motion for dismissal as to the claim for copyright infringement (Count I). This Court finds that the plaintiff's complaint asserts factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. In order to properly state a claim for relief, plaintiff is required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." <u>Id.</u> Plaintiff has met this standard, and its copyright infringement claim is pled with sufficient specificity. Additionally, upon review of the complaint in this matter, this Court finds that at this stage, plaintiff has satisfied the greater particularity in pleading "plausible grounds" standard required in this copyright infringement action. <u>Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.</u>, 299 F. App'x 509, 512 (6th Cir. 2008).

In the complaint, plaintiff describes two specific instances of defendants' alleged infringing actions referred to as the Ortiz infringement and the Black infringement. Plaintiff pleads, with sufficient specificity, its claims for infringement of the

11

copyrighted "Covington" home plan (Copyright Registration Number VA0001842229) and the "Westport" home plan (Copyright Registration Number VA0002081794) (Count I). Without considering the merits of the allegations set forth in Count I, this Court finds that the complaint states a claim for relief that is sufficient on its face, which is all that is required to survive a motion to dismiss under Rule 12(b)(6). Based upon the standard of review for motions to dismiss, this Court finds that the plaintiff's allegations as to copyright infringement (Count I) are sufficient to warrant denial of the defendants' motions to dismiss.

Thus, the defendants' motions to dismiss are denied as to plaintiff's claims for copyright infringement (Count I).

B. <u>Dismissal of Preempted Claims</u>

Conversely, this Court finds it appropriate to grant the defendants' motions to dismiss as they pertain to plaintiff's claims for unfair competition (Count II) and unjust enrichment (Count III) as these causes of action, as asserted by plaintiff in the complaint, are preempted and must be dismissed. Defendants contend plaintiff's claims for unfair competition (Count II) and unjust enrichment (Count III) must be dismissed as a matter of law, and assert that plaintiff has offered no meaningful rebuttal to defendants' motions to dismiss plaintiff's claims on preemption grounds. This Court agrees, and will address the claims of unfair competition (Count II) and unjust enrichment (Count III), in turn.

1. <u>Unfair Competition - 15 U.S.C. § 1125 (Count II)</u>

In Count II of the complaint, plaintiff asserts that the defendants engaged in unfair competition in violation of 15 U.S.C. § 1125. Specifically, plaintiff claims that "[d]efendants' copying and use of Wayne Homes' Copyrighted Works, and in [] constructing the Infringing Ortiz House and/or Infringing Black House, constitutes an act of unfair competition in violation of 15 U.S.C. § 1125." ECF No. 1 at 12, ¶ 66.

The Lanham Act covers trademark infringement as well as a host of other deceptive practices that might loosely be termed "unfair competition." <u>Johnson v. Jones</u>, 149 F.3d 494, 502 (6th Cir. 1998). The Lanham Act prohibits the use of "any word, term, name, symbol or device, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . ." Lanham Act, § 43(a)(1), 15 U.S.C. § 1125(a)(1). The Lanham Act was intended to make "actionable the deceptive and misleading use of marks" and "to protect persons engaged in . . . commerce against unfair competition." 15 U.S.C. § 1127. However, it is well established that a court should not entertain a false designation of origin claim where the claim is in substance a copyright infringement claim. <u>Vogel v. Wolters Kluwer</u>

13

Health, Inc., 630 F. Supp. 2d 585, 592 (M.D.N.C. 2008). In construing the Lanham Act, the Supreme Court has been "careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 34, 123 S. Ct. 2041, 2048 (2003) (internal quotations omitted) (citing TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 29, 121 S. Ct. 1255, 1260 (2001)).

Defendants argue that plaintiff's alleged Lanham Act claim cannot be asserted in this case, as it is preempted by copyright law. This Court agrees. The entirety of plaintiff's unfair competition claim is premised upon the allegation that "[d]efendants, by utilizing Wayne Homes' Copyrighted Works and by constructing the Infringing Ortiz House and/or Infringing Black House, and by publication of the Infringing Black House on the A.D. Baker Facebook website, have falsely led the public to believe that the source and origin of the copyrighted Wayne Homes designs are that of A.D. Baker and/or Unknown Architect Number 1 and/or MJB and not Wayne Homes." Id. at ¶ 67. None of these allegations are qualitatively different from plaintiff's copyright infringement allegation. In comparison, the plaintiff's copyright infringement allegation (Count I) asserts, in pertinent part, "[p]ublication of the photograph of the Infringing Black House on the A.D. Baker Facebook website has infringed Wayne Homes' copyrights in the Copyrighted Works." Id. at 11, ¶ 67. Essentially, plaintiff

14

claims in this count that the right to create, distribute, and use the Copyrighted Works has been infringed. Such rights are precisely among those that § 106 of the Copyright Act protects. 17 U.S.C. § 106 (giving copyright owners the exclusive right to, inter alia, "reproduce the copyrighted work" and "distribute copies of the work").

Thus, under the law cited above, and upon review of the plaintiff's complaint as it relates to the allegation of unfair competition under the Lanham Act (Count II), this Court finds that plaintiff's unfair competition claim is preempted as it falls within the realm of copyright and is subject to dismissal as a matter of law.

2. Unjust Enrichment (Count III)

In Count III of the complaint, plaintiff asserts that "[d]efendants have been unjustly enriched as a result of the benefits procured through their unlawful misappropriation and infringement of Wayne Homes' Copyrighted Works and the construction of the Infringing Ortiz House and/or Infringing Black House." Id. at 13, ¶ 71.

Section 301(a) of the Copyright Act states in pertinent part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

17 U.S.C. § 301(a) (2018).

In other words, the Copyright Act preempts state law claims if (1) "the work is within the scope of the subject matter of the copyright, as specified in 17 U.S.C. §§ 102, 103" and (2) "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225 (4th Cir. 1993); see also Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 309 (4th Cir. 2012). "State-law claims that infringe one of the exclusive rights contained in § 106 are preempted by § 301(a) if the right defined by state law 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights.'" Id. (citing Computer Assocs. Int'l v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992). State law claims are not preempted, however, if proof of an "extra element" is required to constitute a state law violation and the addition of that element makes the state claim "qualitatively" different from a copyright infringement claim. Rosciszewski, 1 F.3d at 230. Where the only property at issue is subject to copyright, a state law claim for unjust enrichment is preempted by the Copyright Act. WJ Global, LLC v. Farrell, 941 F. Supp. 2d 688, 693 (E.D.N.C. 2013) (citing Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 695 (M.D.N.C. 2011)).

Upon review, plaintiff's alleged unjust enrichment claim is not qualitatively different from plaintiff's copyright infringement allegation. Essentially, plaintiff claims in this count that the

right to reproduce and distribute a copyrighted work has been infringed. Because the plaintiff attempts to vindicate via state law claims the same rights being pursued through the Copyright Act, plaintiff's unjust enrichment claim (Count III) is preempted. Once a court determines that a state law claim has been completely preempted by the Copyright Act and therefore that it has jurisdiction to consider it, the court must then dismiss the preempted claim for failing to state a claim. <u>Farrell</u>, 941 F. Supp. 2d at 694 (citing <u>Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 309 (2d Cir. 2004)).

Thus, under the law cited above, and upon review of the plaintiff's complaint as it relates to the allegation of unjust enrichment (Count III), this Court finds that plaintiff's claim for unjust enrichment is preempted and is subject to dismissal as a matter of law.

Accordingly, the defendants' motions to dismiss are granted as to plaintiff's claims for unfair competition (Count II) and unjust enrichment (Count III) as these claims are preempted.

C. <u>Motions to Dismiss Co-Defendants' Crossclaims</u>

As to defendant A.D. Baker Homes' motion to dismiss the Black defendants' crossclaim for indemnification (ECF No. 29) and MJB Drafting Services' motion to dismiss the Black defendants' crossclaim for indemnification (ECF No. 30), this Court finds that the defendants' motions must be denied as the moving defendants do not raise an issue with the substantive sufficiency of the Black

17

defendants' crossclaim for indemnification but, instead, merely reiterate the position that plaintiff's claims should be dismissed. Upon review, the Black defendants have properly pled a cognizable claim for relief, and this Court is of the opinion that dismissal, at this time, is not warranted as these motions are at best premature. Thus, the defendants' motions to dismiss the Black defendants' crossclaims for indemnification are denied.

IV. <u>Conclusion</u>

After review of the plaintiff's complaint as well as the fully briefed contentions of the parties and the applicable law, this Court finds that the defendants' motions to dismiss must be denied as to plaintiff's claim for copyright infringement (Count I) and granted as to plaintiff's claims for unfair competition (Count II) and unjust enrichment (Count III). Further, the motions by A.D. Baker Homes and MJB Drafting Services to dismiss the Black defendants' crossclaims are denied.

Accordingly, for the reasons stated above, A.D. Baker Homes, Inc.'s motion to dismiss (ECF No. 12) is DENIED IN PART and GRANTED IN PART AS FRAMED, defendant MJB Drafting Services, LLC's motion to dismiss (ECF No. 13) is DENIED IN PART and GRANTED IN PART AS FRAMED, the motion to dismiss and/or motion to join co-defendants' motions to dismiss of defendants Matthew Black and Cayla Black (ECF No. 23) is GRANTED to the extent it is a motion for joinder in co-defendants' motions to dismiss and DENIED IN PART and GRANTED IN PART AS FRAMED to the extent it is a motion to dismiss the

plaintiff's complaint.  A.D. Baker Homes, Inc.'s motion to dismiss the crossclaim for indemnification of defendants Matthew Black and Cayla Black (ECF No. 29) is DENIED, and MJB Drafting Services, LLC's motion to dismiss the crossclaim for indemnification of defendants Matthew Black and Cayla Black (ECF No. 30) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 4, 2019

>                    /s/ Frederick P. Stamp, Jr.
>                    FREDERICK P. STAMP, JR.
>                    UNITED STATES DISTRICT JUDGE